The Honorable Doug Mays State Representative, 54th District 1920 S.W. Damon Court Topeka, Kansas 66611
Dear Representative Mays:
Within the Kansas act regulating pawnbrokers and precious metal dealers, K.S.A. 16-708 disqualifies non-resident persons, partnerships comprised of non-residents, and corporations controlled and owned by non-residents from receiving a license to engage in business as a pawnbroker or precious metal dealer. The applicable provisions of that statute provide that a license shall be granted or renewed to:
 "(b) Any person who has not been an actual resident of the state of Kansas for at least two (2) years immediately preceding the date of his application;
. . . .
 "(i) Any partnership, unless all of the partners shall be eligible to receive a license as an individual; and
 "(j) A corporation, if any officer, manager, director or stockholder would be ineligible to receive a license as an individual."
As representative for the 54th district, you ask whether this residency requirement is constitutional under the Commerce Clause (Article 1, Section 8), the Equal Protection Clause (Amendment XIV) and/or the Privileges and Immunities Clause (Article IV, Section 2) of the United States Constitution. Because we conclude that this residency requirement is unconstitutional under the Privileges and Immunities Clause, we need not address its constitutionality in relation to the Commerce Clause or the Equal Protection Clause.
The first sentence of Article IV, Section 2 of the United States Constitution, commonly referred to as the Privileges and Immunities Clause, states:
 "The Citizens of each State shall be entitled to all the Privileges and Immunities of the Citizens of the several states."
This Clause was intended to "fuse into one Nation a collection of independent, sovereign States."[1] To determine whether a state statute runs afoul of the Privileges and Immunities Clause, courts have developed a two part inquiry. Because not all forms of discrimination against citizens of other states are constitutionally infirm, the initial inquiry is whether the statute burdens one of those privileges and immunities protected by the Clause.[2]
 "Some distinctions between residents and nonresidents merely reflect the fact that this is a Nation composed of individual States, and are permitted; other distinctions are prohibited because they hinder the formation, the purpose, or the development of a single Union of those States. Only with respect to `privileges' and `immunities' bearing upon the vitality of the Nation as a single entity must the State treat all citizens, resident and nonresident, equally."[3]
A state may discriminate on the basis of residency, for example, with respect to the right to vote[4] and the right to hold public office.[5]
However, the pursuit of a "common calling," the right to practice one's chosen profession, is one of the most fundamental of those privileges protected by the Clause.[6] The United States Supreme Court has repeatedly found that "one of the privileges which the Clause guarantees to citizens of State A is that of doing business in State B on terms of substantial equality with the citizens of that state."[7] Whether the discriminatory burden on nonresidents takes the form of unequal licensing fees[8] or employment preferences granted only to residents,[9] the Clause has operated to make the burden unconstitutional. In our opinion, the ability to engage in business as a pawnbroker or precious metal dealer is as much a "common calling" as any other occupation or profession and is thus a protected privilege under the Clause.
However, as the court in Helminski continued:
 "The conclusion that the disputed regulation discriminates against a protected privilege is only the first step of the inquiry. The privilege is not absolute and does not preclude discrimination where there is a "substantial reason" for difference in treatment. The inquiry in each case must be concerned with whether such reasons do exist and whether the degree of discrimination bears a close relation to them."[10]
Within recent years the United States Supreme Court addressed this issue in the context of an attorney residing in Vermont who was prohibited from practicing law in New Hampshire.[11] The justifications offered on behalf of New Hampshire for the residency requirement were that a nonresident attorney would be less likely to become, and remain, familiar with local rules and procedures; to behave ethically; to be available for court proceedings; and to do pro bono and other volunteer work in the state. The Court, however, determined that New Hampshire had neither advanced a substantial reason for its discrimination against nonresident applicants to the bar, nor demonstrated that the discrimination practiced bore a close relationship to its proffered objectives. Having initially found that the nonresident's interest in practicing law was a protected privilege, the Court concluded that New Hampshire's bar residency requirement violated the Privileges and Immunities Clause.
In the absence of any known substantial and closely tied rationale to justify Kansas residency for persons who wish to engage in business as a pawnbroker or precious metal dealer, we must likewise conclude that K.S.A. 16-708(b), (i) and (j), which establish such a requirement, violate Article IV, Section 8 of the United States Constitution.
We hasten to add, however, that where parts of a statute or a section of a statute can be readily separated, then the part which is constitutional may stand while the unconstitutional part is rejected.
 "Whether the court may sever an unconstitutional provision from a statute and leave the remainder in force and effect depends on the intent of the legislature. If from examination of a statute it can be said that the act would have been passed without the objectional portion and if the statute would operate effectively to carry out the intention of the legislature with such portion stricken, the remainder of the valid law will stand. Whether the legislature had provided for a severability clause is of no importance. This court will assume severability if the unconstitutional part can be severed without doing violence to legislative intent."[12]
There is no reason to think that the Regulation of Pawnbrokers and Precious Metal Dealers Act,[13] would not have been passed without the residency requirements found in K.S.A. 16-708(b), (i) and (j). Additionally, absent such a residency requirement, the act still effectively operates to regulate pawnbrokers and precious metal dealers who engage in business in Kansas. Consequently, in our opinion the remaining parts of K.S.A. 16-708 may stand while the unconstitutional provisions are rejected.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm
[1] Toomer v. Witsell, 334 U.S. 385, 395, 68 S.Ct. 1156, 92 L.Ed.2d 1460
(1948).
[2] Helminski v. Supreme Court of Colorado, 603 F. Supp. 401 (D.C. Colo. 1985).
[3] Baldwin v. Montana Fish Game Commission, 436 U.S. 371, 383, 98 S.Ct. 11852, 1860, 56 L.Ed.2d 354 (1978).
[4] Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 169, 42 L.Ed.2d 136
(1972).
[5] Kanapaus v. Ellisor, 419 U.S. 891, 95 S.Ct. 169, 42 L.Ed.2d 136
(1974).
[6] Baldwin v. Montana Fish Game Commission, 436 U.S. 371,98 S.Ct. 1852, 56 L.Ed.2d 354 (1978).
[7] Toomer, 334 U.S. at 396, 68 S.Ct. at 1156.
[8] Toomer, supra.
[9] Hicklin v. Orbeck, 437 U.S. 518, 98 S.Ct. 2482, 57 L.Ed.2d 397
(1978).
[10] Helminski, 603 F. Supp. at 406 (Citations omitted.)
[11] Supreme Court of New Hampshire v. Piper, 470 U.S. 271,105 S.Ct. 1272, 84 L.Ed.2d 205 (1985).
[12] State, ex rel. Tomasic v. Unified Government of WyandotteCounty/Kansas City, 264 Kan. 293, 317 (1998), quoting Felton Truck Linev. State Board of Tax Appeals, 183 Kan. 287 (1958).
[13] K.S.A. 16-706 et seq.